THORKILD WILSON *vs.* HENRY S. FAIRCHILD.

January 12, 1891.

Vendor and Purchaser—Effect of Purchaser's Deed.—The estate or interest of a vendee in a contract to sell real estate will pass by his deed purporting to convey the land.

Same—Deed by One of Two Purchasers—Rights of Grantee—Tenants in Common.—Where there are two vendees named in such a contract to sell, they are tenants in common of the equitable title, and one of them may pass his interest in it by his deed purporting to convey the land, so that his grantee may perform the conditions of the contract and be entitled to a conveyance of the undivided interest in the land of such vendee.

Same—Deed and Agreement to Reconvey—Consideration.—Where, as one transaction, A. executes a deed conveying real estate to B., and the latter executes an agreement to reconvey, the execution of each is a sufficient consideration to support the other.

Same—Stipulation for Damages—Option to Rescind.—In a contract to sell real estate, a clause by which the vendor promises to pay, in case he refuse to sell, a specified sum, is by way of penalty or stipulated damages, and does not give the vendor an option to refuse to sell.

Pleading—Relief on Counterclaim.—When in an answer matter is pleaded as a counterclaim, the defendant must have such relief, though not specifically demanded in the answer, as the facts proved within its allegations show him entitled to.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried by *Kelly*, J.

*Williams, Goodenow & Stanton*, for appellant.

*Willis & Nelson*, for respondent.

GILFILLAN, C. J.    Action under the statute to determine adverse claims to real estate.    The answer alleged substantially the facts hereinafter stated, claimed that the transaction set forth amounted to a mortgage subject to which defendant owned the land, and asked that he be permitted to redeem, that his title be confirmed, and for such other and further relief as might be just and agreeable to equity.    The facts found by the court below were substantially as alleged in the answer, (except as to the allegations of a loan of money by plaintiff to Hanson,) and were, in brief, as follows:  December 23, 1881, one Hanson, then owning the real estate, conveyed the same, his wife joining in the deed, to plaintiff, and at the same time, and as part of the same transaction, plaintiff executed and delivered to Hanson an instrument in these words and figures:

"St. Paul, Minn., Dec. 23 the 1881.

"Insid of oen yaïs after Day I have agred to sell to Martin Hanson & wife this Lot No. 8 Block four (4) of Cruickshank garden Lots of Ramsey Co., Minn., for the soum of oen Hundred and Sixty-five ($165.00) Dollars and Tax or asesment to be paid if anny and if I refuse to sell to Him or his wife I promis to Pay Martin Hanson sixty ($60.00) Dollars and 10% Interest this agrement is only good for oen year op to December 23 the (1882.)"

December 12, 1882, Hanson, for a valuable consideration, sold the real estate to defendant and executed to him a conveyance of it.  On or about the same day defendant offered to pay plaintiff the amount which then might be due on said instrument with interest, but the latter refused to receive it.

On these facts the deed from Hanson to plaintiff was not a mortgage, for it does not appear to have been executed as security, and

it is of the essence of a mortgage that it be intended as security. The transaction amounted to what is called a "conditional sale," which exists where one conveys by absolute deed, and the grantee executes an agreement to reconvey upon being paid a certain sum. *Buse* v. *Page*, 32 Minn. 111, (19 N. W. Rep. 736, and 20 N. W. Rep. 95.) On such a sale the title stands thus: The legal title vests in the grantee in the deed, and the grantor is vested, by virtue of the agreement to convey to him, with an equitable title or interest in the land, and the right to have the legal title vested in him on performance of the conditions in the agreement. *Chemedlin* v. *Prince*, 15 Minn. 263, (331;) *Randall* v. *Constans*, 33 Minn. 329, (23 N. W. Rep. 530;) *Niggeler* v. *Maurin*, 34 Minn. 118, (24 N. W. Rep. 369.) This equitable title or interest is "conveyable," that is, it will pass by a deed purporting to convey the land. *Niggeler* v. *Maurin.* It is more than a mere lien, which is not an estate or interest in the land, and has therefore been held not to be assignable by a deed merely conveying the land.

As between themselves the equitable title of Hanson and wife was held by them as they would have held the legal title had it been conveyed pursuant to the agreement; that is, as tenants in common. The agreement was in effect to convey to them as tenants in common. Either could convey without the other his or her equitable interest or estate, unless the wife's disability would prevent her separate conveyance of her interest. By the deed to defendant he became vested with the rights of the grantor or grantors in the land, to wit, an equitable estate or interest, with the right to a conveyance of the entire legal estate, or of an undivided one-half thereof, according as the deed was from both or only one of the vendees in the agreement to sell, upon performance of the conditions in that agreement. If his deed is from both husband and wife, he is entitled, on such performance, to the entire legal title; if from the husband only, then to legal title to an undivided half of the land. The deed and agreement to reconvey being one transaction, the execution of each is a sufficient consideration to support the other.

The agreement contains no option in plaintiff to sell or not. The clause referring to the $60 is in the nature of a penalty or stipulated

damages in case of his refusal, but it does not give him the right to refuse.

The point is also made that because defendant does not ask in his answer for specific performance of the contract to sell, he is not entitled to that particular relief in this action. Conceding that he was not entitled to that relief, yet he was, if the facts alleged and proved show an estate or interest in him, entitled to a judgment confirming and preserving it. In actions under the statute to determine adverse claims to real estate, matter which is a defence may sometimes, if pleaded for that purpose, be the basis of a counterclaim; and whether it is to be regarded as a defence merely, or as a defence and also a counterclaim, is to be determined from the answer. *Eastman* v. *Linn*, 20 Minn. 387, (433;) *Griffin* v. *Jorgenson*, 22 Minn. 92. If pleaded merely as a defence, and it is proved, and constitutes a defence, the judgment must establish it as such; if as a counterclaim, then the relief appropriate to it as such must be granted. Pleading a counterclaim is in effect the instituting of a cross-action, (*Eastman* v. *Linn*,) and the part of the answer alleging it is in the nature of a complaint by the defendant against the plaintiff. As such the defendant is entitled upon it to any relief consistent with the case made and embraced within the issue. In this case the matter is clearly pleaded as a counterclaim. Affirmative relief is asked upon it. It is true the affirmative relief asked is such as would be proper only if it appeared that, as alleged in the answer, the conveyance from Hanson to plaintiff was for the purpose of security. But in the case of a complaint, though the plaintiff fail to prove some fact alleged, necessary to the full measure of the relief demanded, if he prove facts within the allegations of his complaint sufficient to entitle him to some relief, the judgment must grant that relief. And we think the same rule must apply to a counterclaim pleaded. Defendant was entitled, on the facts proved, and, on performing the conditions of the agreement, to a judgment vesting in him, or directing a conveyance to him of the legal title to the whole or an undivided half of the land, according as the deed to him was executed by both or only one of the vendees in the agreement to sell.

Judgment reversed.