### HERSHEY *v*. LUCE.

#### Opinion delivered June 11, 1892.

*Contract—Mistake of parties as to legal effect.*

> Where an instrument of writing accurately expresses the intent and meaning of the parties to an agreement, the fact that they thought it was a mortgage, when it was in fact a conditional sale, does not change its character or effect.

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

This suit grows out of the case of *Stryker* v. *Hershey*, 38 Ark. 264. In that case the court held that, in the absence of parol evidence, the two instruments therein construed imported on their faces a conditional sale. Upon a re-trial of the case, parol testimony was introduced to show that the instruments were intended to constitute a mortgage. The trial court found that they constituted a mortgage. It is conceded that if this finding was correct, the judgment should be affirmed; otherwise it should be reversed. The evidence upon which the court's finding was based is sufficiently stated in the opinion. The instruments referred to, and the circumstances attending their execution, are stated in the report of the case in 38 Ark. *supra*.

*Jos. M. Hill* for appellant.

The only point in this case is whether the deed and agreement set forth in 38 Ark. 266 constitute a mortgage or conditional sale. If a conditional sale, the title is in appellant. This court held the same agreement and deed to be a conditional sale in 38 Ark. 264; and, even admitting all the extrinsic facts put in evidence to have been properly admitted, there is a failure to show that a mortgage was intended. See Jones on Mort. sec. 326; 101 Pa. St. 514; 4 Pac. 113; 7 Cr. 218; 3 So. Rep. 698; 31 N. W. Rep. 303; 29 *id.* 737; 52 Tex. 453; 32 Minn. 111; 80 Ill. 188; 44 Mo. 429; 42 Cal. 169; 28 Miss. 328; 50 Conn. 267; 107 Ill. 275; 47 Wis. 160; 58 Ala. 37; 27 W. Va. 576; 27 Kas. 232; Jones, Mort. secs. 256–281.

*Clendening, Read & Youmans* for appellee.

This court, in 38 Ark. 264, held the instruments to be a conditional sale, in the absence of parol testimony. The evidence shows both Rogers and Latham intended a mortgage, and their intention concludes the matter. 57 Wis. 415; 52 Ark. 73; 14 Pick. 480; 7 Cr. 218; 35 Vt. 125; 55 Cal. 352; 5 Ark. 321; 16 Ala. 472; 1 Sand.

Chy. 56; 20 Ohio, 472; 46 N. Y. 611; 46 Ill. 214; 109 Mass. 144; 12 How. 139.

HEMINGWAY, J.   Whether certain oral proof admitted by the court was admissible, and whether the purchaser of the legal title at execution sale took subject to secret antecedent equities, are questions that we deem it unnecessary to determine.   If each were solved favorably for the appellee, the judgment could not stand if the deed and contemporaneous agreement be construed against his view of them; for it is conceded that if they constitute a conditional sale, the title is in the appellant. That these instruments upon their face alone, without proof of extrinsic facts and circumstances, disclose a conditional sale, was ruled by this court in the case of *Stryker* v. *Hershey*, 38 Ark. 264.   Regarding that as settled, we are called to determine their legal character in the light of the proof of extrinsic circumstances. We must therefore look to see what there is in it to give the instruments a character different from that indicated upon their face.   It is, in substance, that the parties made an agreement; that the agreement, as made, was reduced to writing; that the writing was read over and signed as a correct memorial of the agreement; and that one of the parties, and perhaps the other, understood that it was a mortgage.   There is no proof that anything was agreed upon which was not correctly incorporated in the writing, or that the latter contained anything that was not in fact agreed upon.   The effect of the evidence is that the parties thought that the agreement which they made came within the legal definition of a mortgage, when in fact it lacked the essential elements of such an instrument, and its provisions stamped it as a conditional sale. The essential element of a mortgage not appearing in the instruments is an indebtedness from Rogers to Latham; for, as was held by the court in the case cited, if the deed was intended as security for a debt, they con-

stituted a mortgage, otherwise a conditional sale. The extrinsic evidence furnishes no proof of this element. There is no direct proof of an indebtedness, and no proof of circumstances from which the law could imply it. It does not appear that either party undertook or intended that Rogers should become the debtor of Latham; or that there was any such disparity between the price paid and the value of the property as would indicate an intention to secure a debt, and not to transfer the estate; or that, after the deed was made, the parties dealt with the property as belonging to Rogers, and as held by Latham only as a security. The inference is that the parties understood the transaction to be a mortgage, not because the agreement made, or their intention if formulated into an agreement would in law have constituted, a mortgage; but because they misconceived the characteristics of a mortgage, and believed that to be a mortgage which in law is held to be a conditional sale.

In other words, while the parties made an agreement, which was accurately put in writing, that expressed their intent and meaning, they gave it a name inapt, according to legal nomenclature. This furnishes no reason to give it an effect different from that its terms indicate; and we conclude that there was nothing in the evidence of extrinsic facts to change the character of the transaction as shown upon the face of the writings.

Reverse and remand, with directions to enter a judgment for plaintiffs in accordance with the prayer of the complaint.

## On Rehearing.

Opinion delivered July 1, 1892.

Hemingway, J. Upon the hearing of this cause, we were of the opinion that the plaintiff was entitled to recover the interest claimed in the land described in the complaint, and accordingly adjudged that the judgment

should be reversed, and the cause remanded with directions to enter judgment in accordance with the prayer of the complaint. The defendant has made a motion to modify the judgment of reversal and directions contained in it, on the ground that it operates to cut off his claim for taxes, repairs and improvements. The plaintiff resists the motion because the defendant, being a tenant in common, is not entitled to set up a claim of that character.

The cause was submitted upon abstracts and briefs. that did not disclose that the plaintiff asked any accounting for rents, or the defendant for taxes, repairs or improvements. No right as to either was submitted to us, considered or wittingly adjudged; and there is nothing before us now upon which we can determine the merits of such claims. We therefore leave all questions relative thereto open, and when the cause is remanded the court may order an account stated according to the rights of the parties and the principles of equity applicable thereto. To this extent the judgment of reversal will be modified ; in other respects it will stand.