[No. 5905. Decided December 13, 1905.]

SARAH HESSER, *Respondent,* v. WATSON H. BROWN, *Appellant.*[1]

MORTGAGES—SATISFACTION—CONVEYANCE TO MORTGAGEE—DEED AB-
SOLUTE ON FAILURE TO REDEEM — CONTRACT FOR REDEMPTION — CON-
STRUCTION—EVIDENCE. A deed absolute in form in consideration of
the amount due to the grantee upon a mortgage past due, should not
be considered as a mortgage, although a contract made at the same
time gives the grantor one year in which to redeem from the debt,
and provides that the mortgage is to be kept alive, where the note
and mortgage were surrendered to the maker, and the land was
taken possession of by the grantees, who paid the taxes, made im-
provements and treated it as their own, and where the grantor aban-
doned the same and made no offer to pay the debt, or any claim to
the property for seven years, when action for the debt was barred
by the statute of limitations.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered June 29, 1905, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action of ejectment. Af-
firmed.

*C. W. Turner (Daniel Kelleher,* of counsel), for appellant.
*Fred H. Peterson* and *H. C. Force,* for respondent.

FULLERTON, J.—This is an action of ejectment, brought
to recover the possession of certain real property situated in
the city of Seattle. From the record it appears that on April
11, 1894, the appellant borrowed from one Peter Hesser,
then the husband of the appellant, the sum of $200, giving
his promissory note therefor, and securing the payment of
the same by mortgage on the property in dispute. On July
29, 1897, the note being then overdue and unpaid, the ap-
pellant conveyed the property to Hesser for the recited con-
sideration of $284, that being the amount of principal and
interest then due upon the note and mortgage. At the same

[1]Reported in 82 Pac. 934.

time Hesser and wife executed and delivered to the appellant the following contract:

"Whereas, Watson H. Brown has this day conveyed by his deed of this date to Peter Hesser, of Ballard, Wash., property heretofore mortgaged by him to said Hesser, which deed is intended as better security, and the mortgage mentioned to be meanwhile kept alive. Now, therefore, said Hesser, and Sarah his wife, in consideration of the foregoing premises, have agreed, and do hereby agree, to reconvey said property to said Brown, his heirs or assigns, one year from date on payment by him, his heirs or assigns, to them one year after this date of said mortgage debt now amounting to two hundred and eighty-four dollars ($284) with interest from this date at the rate of twelve per cent per annum. The property above mentioned is situated in King Co. Wash., and is described as follows, to wit: All of Lot One (1) in Block A of Hamblet's Acre Garden. It is further agreed that all taxes and other necessary expenses shall be added to the above purchase price."

The appellant never redeemed, or offered to redeem, under the contract, but on October 10, 1904, finding no one on the property, he entered and took possession. Subsequent to the execution of the deed, the respondent and her husband treated the property as their own. They paid from community funds all the taxes and assessments that were levied against the same until August, 1902, when it was awarded to the respondent in a decree of divorce, granted the respondent in an action therefor between herself and her husband, since which time such taxes and assessments have been paid by the respondent.

The foregoing facts are not disputed. In addition thereto, the respondent contended, and the court found, that the note and mortgage evidencing the debt were surrendered to the appellant at the time of the execution of the deed; that the land was worth no more at that time than the amount due upon the note and mortgage; and that the respondent, after acquiring the property as her separate property, entered into

44—40 WASH.

possession of it and made improvements thereon, and was in such possession until ousted by the entry of the defendant. The appellant challenges these findings, but as they are supported by the evidence of disinterested witnesses, and opposed only by the evidence of the appellant, we shall not disturb them.

The question then is, did the court err in adjudging the respondent to be the owner of the property in dispute? The appellant contends that the contract executed and delivered him by the respondent and her husband, at the time of the execution and delivery of the deed, made that instrument a mortgage, and being such, no rights to the _roperty could be acquired thereunder without foreclosure, in the manner provided by law. Doubtless some of the recitals in the contract to reconvey do lend color to the claim that the deed was intended as security for a debt, and hence, was a mortgage; but as the contract is on its face ambiguous, these recitals are not of themselves conclusive, and not being so, they must yield to more convincing evidence to the contrary. To our minds the conduct of both parties is utterly inconsistent with the idea that a mortgage was intended. The note and mortgage which the contract recites are to be kept alive were surrendered up and destroyed. The grantees in the deed immediately assumed ownership of the property, and exercised such acts of ownership over it as persons in their situation usually do of vacant land owned by them; they gave it in to the assessor as their property, and paid the taxes assessed thereon. The appellant, on the other hand, abandoned it. He did not pay, or offer to pay, either the accumulating interest on the debt he now claims he owed, nor did he pay or offer to pay the yearly accruing taxes. And it is only after a lapse of more than seven years, after the debt secured by the mortgage, if it be one, is barred by the statute of limitations, and after the property has shown a sharp increase in value, that he asserts ownership over it. This is

not conduct consistent with a good faith claim of ownership of property.

"One who alleges that his deed in absolute form was intended as a mortgage only, is required to make strict proof of the fact. Having deliberately given the transaction the form of a bargain and sale, slight and indefinite evidence should not be permitted to change its character. The proof must be clear, unequivocal, and convincing. The fact that the grantor understood the transaction to be a mortgage is not alone sufficient to prove it to be so." Jones, Mortgages (6th ed.), § 335; *Dabney v. Smith,* 38 Wash. 40, 80 Pac. 199.

The judgment should be affirmed, and it is so ordered.

MOUNT, C. J., RUDKIN, HADLEY, CROW, and ROOT, JJ., concur.