CITIZENS BANK OF MORRIS v. DAN MEYER AND OTHERS.[1]

May 13, 1921.

No. 22,215.

**Warranty deed — defeasance.**

1. A warranty deed, containing a provision that the grantor may defeat it by paying a specified sum within a specified time, is to be given the effect intended by the parties at the time it was executed.

**Intent of parties.**

2. This intention is to be ascertained from the written instrument or instruments and the attendant facts and circumstances.

**Conditional sale — mortgage.**

3. A deed and an agreement to reconvey on payment of a specified

[1]Reported in 182 N. W. 913.

sum is prima facie a conditional sale, but if the purpose be to secure a debt the transaction results in a mortgage.

### Evidence of intent.

4. If no debt existed and the grantor assumed no obligation to make the specified payment, this is strong evidence that the parties intended the deed to take effect as a conveyance subject to an option in the grantor to reacquire the property.

### Same.

5. The fact that after the execution of the deed the grantor paid no taxes or encumbrances against the land, exercised no act of ownership over it, and made no claim to it, and that the grantee took possession of it, paid the taxes and encumbrances on it, and sold and conveyed it as owner, is evidence that they intended the deed to operate as a conveyance.

### Decision supported by evidence.

6. The evidence justified the trial court in finding that the instrument in controversy was a deed, not a mortgage, and vested title in the grantee subject to a right to repurchase.

Action in the district court for Stevens county to determine adverse claims to certain vacant and unoccupied real property. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Roberts & Strong* and *S. H. Cranmer,* for appellants.

*James B. Ormond* and *Murphy & Anderson,* for respondent.

TAYLOR, C.

On October 18, 1905, Thomas W. McClean purchased the quarter section of land, containing 153.71 acres, described in the instrument hereinafter set forth, subject to a mortgage of $2,500. At the time of purchasing the land he executed a second mortgage thereon in the sum of $725 for part of the purchase price, and on November 25, 1905, executed a third mortgage thereon in the sum of $702.70 to a bank at Cartersville, Iowa. There were no buildings or fences on the land, but a portion of it was under cultivation and McClean farmed this portion during the season of 1906. On December 18, 1906, McClean, his wife joining

therein, executed to Mathius Johnson, of Cartersville, Iowa, the following instrument:

"Know all men by these presents, That the grantors Thomas W. McClean and Annie McClean, his wife, residing in· the Township of Scott, County of Stevens and State of Minnesota, for and in consideration of the sum of two hundred seventy-three and 53-100 dollars, to them in hand paid, do hereby convey and warrant to Mathius Johnson, as grantee, the following described real estate, viz:

"The southwest quarter of section eighteen, in Township one hundred twenty-three, in Range forty-three (subject to a first mortgage thereon for $2,500.00 upon which the interest to December 1st, 1906 ($150.00) and the interest thereon to the date hereof, is paid and included in the consideration above herein expressed, and subject also to a second mortgage for $725.00 on which all interest to October 18, 1906, is paid and included in the consideration above herein expressed).

"(The execution and delivery of and the record of this deed is subject to be defeated by the payment by the said grantors, their heirs, executors, administrators or assigns within one year from the date hereof to the grantee herein, his heirs, executors, administrators or assigns, of the exact amount of the consideration above herein expressed (two hundred seventy-three and 53-100 dollars) together with interest thereon after the date hereof until paid at the rate of eight per cent per annum, together with and including whatever if anything during 1907, is paid, laid out and expended by the grantee herein as tax moneys.)

"Situate in the County of Stevens and State of Minnesota.

"Dated at Morris, Minn., this 18th day of December A. D. 1906.

"Thomas W. McClean.     (Seal)

"Annie McClean.     (Seal)"

This instrument was duly witnessed, acknowledged and recorded. It is the statutory form for a warranty deed with an additional clause providing that the deed may be defeated by the payment of a specified sum within one year.

McClean never occupied the land or made any claim to it after executing this deed, and never, at any time, paid any taxes on it, or any principal or interest on the encumbrances against it. He wholly abandoned it. Johnson took possession of the land under the deed, at what

time does not appear, and rented it to tenants, and he and those who took under his title have been in possession of it ever since. On December 30, 1908, Johnson executed two mortgages on the land—one for $2,000 and one for $850—and with the proceeds of these mortgages and other funds, provided by himself, paid and satisfied the three prior mortgages. On November 16, 1912, Johnson executed a warranty deed of the land to A. E. Goffe. Goffe executed two mortgages on the land— one for $2,750 to plaintiff and one for $1,250 to the Iowa bank —and the two mortgages given by Johnson were paid and satisfied. On February 28, 1913, Goffe executed a warranty deed of the land to John Walsh, and on March 1, 1913, Walsh executed a mortgage thereon for the sum of $2,450 to E. P. Keenan and J. W. Clarey. On July 15, 1915, Walsh executed a special warranty deed of the land to defendant Hensch who took and still retains possession of it. The mortgage given by Walsh and the mortgage of $1,250 given by Goffe have been foreclosed, and the title acquired thereunder has passed to and vested in the plaintiff.

Plaintiff invested its money in the land without any actual knowledge of the condition in the deed executed by McClean, and on learning thereof brought this action to determine adverse claims, making the widow and children of McClean defendants therein. The trial court found that the instrument executed by McClean to Johnson hereinbefore set forth "was an absolute warranty deed of the premises therein described, and that the said Mathius Johnson acquired an estate in fee simple thereunder; that the reservation contained in said instrument was a mere option giving the grantor, Thomas W. McClean, the right to repurchase the said premises within one year from the date thereof upon complying with the terms of said option; that the said Thomas W. McClean never exercised his rights thereunder, permitted the same to lapse and expire, and wholly abandoned the same."

Judgment was entered decreeing plaintiff to be the owner in fee of the land and defendants appealed.

Defendants rest their case on the contention that the instrument executed by McClean to Johnson was a mortgage, not a deed, and did not convey title to Johnson. They concede that, if this instrument conveyed title to Johnson, the title has vested in plaintiff under the mortgage

149 M.—7.

foreclosures, and that plaintiff was entitled to judgment. No question arose concerning the character or effect of this instrument until after the death of both the parties to it. McClean died in 1911; Johnson some years later. The instrument is a warranty deed from McClean to Johnson, with a provision added that the deed is subject to be defeated by the payment by the grantor within one year of the amount of the consideration stated in the deed, together with interest thereon at the rate of eight per cent per annum, and the taxes, if any, paid by the grantee during such year.

The cardinal rule in construing such instruments is to give them the force and effect intended by the parties at the time they were executed. King v. McCarthy, 50 Minn. 222, 52 N. W. 648; Baird v. Baird, 48 Colo. 506, 111 Pac. 79; Bradford v. Helsell, 150 Iowa, 732, 130 N. W. 908; Rich v. Doane, 35 Vt. 125.

"In considering whether a transaction by absolute deed, and simultaneous bond or agreement for reconveyance, is a mortgage or a conditional sale, the important question is, what was the intention of the parties? Did they intend security or sale? This intention is to be ascertained by looking at the written memorials of the transaction, and its attendant facts and circumstances." Buse v. Page, 32 Minn. 111, 19 N. W. 736, 20 N. W. 95.

The written memorials of the transaction are to be given the same effect whether embodied in a single instrument or in several instruments. Hill v. Edwards, 11 Minn. 5 (22); Holton v. Meighen, 15 Minn. 50 (69); 1 Jones, Mort. 296. The attendant facts and circumstances to be taken into consideration in determining the intention have been pointed out many times and the inferences to be drawn from certain facts and circumstances are well established. A deed with an agreement to reconvey on being paid a specified sum is prima facie a conditional sale. Buse v. Page, 32 Minn. 111, 19 N. W. 736, 20 N. W. 95; Butman v. James, 34 Minn. 547, 27 N. W. 66; Marston v. Williams, 45 Minn. 116, 47 N. W. 644, 22 Am. St. 719; Wilson v. Fairchild, 45 Minn. 203, 47 N. W. 642. Yet, if the purpose is to secure a debt, the transaction, regardless of its form, is generally, and perhaps universally, held to have resulted in a mortgage. But, if no debt existed and no loan was made, these facts are strong evidence that the parties did not intend to create

a mortgage, but intended to convey the land with a right in the grantor to reacquire it by complying with the specified conditions. Rich v. Doane, 35 Vt. 125; Fridley v. Somerville, 60 W. Va. 272, 54 S. E. 502; Becker v. Howard, 75 Wis. 415, 44 N. W. 755; Hershey v. Luce, 56 Ark. 320, 19 S. W. 963, 20 S. W. 6; Little v. Braun, 11 N. D. 410, 92 N. W. 800; Neeson v. Smith, 47 Wash. 386, 92 Pac. 131; Weltner v. Thurmond, 17 Wyo. 268, 98 Pac. 590, 99 Pac. 1128, 129 Am. St. 1113; King v. McCarthy, 50 Minn. 222, 52 N. W. 648.

In Wilson v. Fairchild, 45 Minn. 203, 47 N. W. 642, one Hanson conveyed a town lot to the plaintiff, and the plaintiff agreed in writing to sell the lot back to Hanson within one year for $165 and interest at 10 per centum and the taxes paid. The court said that the deed "was not a mortgage, for it does not appear to have been executed as security, and it is of the essence of a mortgage that it be intended as security," and held that the transaction was a conditional sale and that the title passed to the plaintiff. The fact that the grantor reserved the right to reacquire the land at a specified price, but assumed no obligation to pay the price, indicates that the parties intended the title to pass to the grantee, subject to the option retained by the grantor. Neeson v. Smith, 47 Wash. 386, 92 Pac. 131; Fridley v. Somerville, 60 W. Va. 272, 54 S. E. 502; 20 Am. & Eng. Enc. (2d ed.) 942, and cases there cited.

The subsequent conduct of the parties is often persuasive evidence of what they intended to accomplish by the transaction. Among the circumstances held to be evidence that they intended to convey the title instead of creating a mortgage are the following: That the grantor relinquished possession; that he allowed a long period of time to elapse without asserting a claim to the land or exercising any act of ownership over it; that he paid no taxes or encumbrances; that the grantee took possession and exercised dominion over the land as owner; that he paid taxes and encumbrances, and that he sold and conveyed the land as owner. Hesser v. Brown, 40 Wash. 688, 82 Pac. 934; Rich v. Doane, 35 Vt. 125; Becker v. Howard, 75 Wis. 415, 44 N. W. 755; Hart v. Randolph, 142 Ill. 521, 32 N. W. 517; Gray v. Hayhurst, 157 Ill. App. 488; Fridley v. Somerville, 60 W. Va. 272, 54 S. W. 502; Way v. Mayhugh, 57 W. Va. 175, 50 S. E. 724; LaCotts v. LaCotts, 109 Ark. 335, 159 S. W. 1111; Bradford v. Helsell, 150 Iowa, 732, 130 N. W. 908.

In the present case it was stipulated that the land was worth $25 per acre when McClean executed his deed. Consequently the small consideration expressed in the deed does not give rise to an inference that the transaction was intended as a mortgage, for the total value of the land at that time was less than the amount of the mortgages then against it. Defendants suggest that the deed was given for past due interest on these mortgages, but the facts do not warrant such an inference. The three mortgages were held by three different parties. Johnson held none of them, and, so far as the record shows, never had any interest in any of them, either personally or as the representative of others. If the relation of debtor and creditor had existed between McClean and Johnson, and an existing indebtedness had entered into the consideration for the deed, this would have been a circumstance pointing to a mortgage. But there is no evidence that McClean had ever been indebted to Johnson, or that they had ever had any other transactions of any sort with each other. If McClean had obligated himself to make the payment necessary to defeat the conveyance, that would also have been evidence that the deed was intended as security. But McClean in no way obligated himself to make this payment. The deed contains no such obligation, and the deed is the only evidence in the record showing, or tending to show, the transaction between these parties. The only other evidence tendered relating to this matter was an offer to prove by Mrs. McClean that she had heard a conversation between her husband and Johnson to the effect that the deed was given as security for the sum of $273.53 due the Iowa bank which was to be paid within one year, but this testimony was necessarily excluded under the statute which forbids a party to an action from testifying concerning a conversation with a deceased person relating to the matters in controversy.

The absence of facts or circumstances tending to characterize the transaction as a mortgage; the existence of the situation usually found where the transaction is intended as a conveyance with the reservation of an option to the grantor to reacquire the property on certain specified terms; and the subsequent conduct of the parties showing that both understood that the title had passed to and vested in Johnson, amply justified the finding of the trial court. The fact that the land is now worth

$75 per acre, three times its value at the time of the transaction, serves to explain why the present controversy has arisen. The judgment appealed from is affirmed.