# CHARLESTON.

## THOMAS N. THACKER *v.* F. F. MORRIS.

Submitted September 6, 1902.   Decided December 6, 1902.

1. CONDITIONAL SALE—*Creditor.*

   The sale or conveyance of land to a creditor for the payment of a debt, with a proviso, that such sale or conveyance shall be void on the payment of the debt within a certain specified time, will be treated in equity as a security for the debt, and not an absolute sale or conveyance. (p. 223).

2. TRUSTEE'S SALE—*Real Estate—Original Owner.*

   If a trustee advertises land for sale under a deed of trust and he induces the creditor and debtor to enter into an arrangement by which the form of a sale is to be gone through with, but the creditor is to become the purchaser at the sum total

of the debt and expenses of sale, an amount far less than the fair value of the land, with the understanding that if the debtor pays such sum within thirty days such sale or conveyance is to be of no effect or void, equity will treat such sale or conveyance as a mere security for the debt, and will allow the debtor a reasonable time beyond such thirty days in wihch to redeem the land, or will subject the land to sale for the payment for the debt, interest and expenses of sale.   (p. 223).

Appeal from Circuit Court, Putnam County.

. Action by Thomas N. Thacker against F. F. Morris.   From a judgment for defendant, plaintiff appeals.

*Reversed.*

J. H. Nash, for appellant.

Greene & Bowyer, for appellee.

Dent, President:

Thomas N. Thacker appeals from a decree of the circuit court of Putnam County, dismissing his bill against F. F. Morris seeking the right of redemption of a certain tract of one hundred and sixty-two and three-twentieth acres of land purchased by Morris at a trustee's sale made under the following circumstances, to-wit: "On the 5th day of October, 1897, the plaintiff executed a deed of trust on the land to secure the defendant four promissory notes for $50.00, payable respectively in one, two, three and four years.   The first note becoming due and not being paid, the defendant directed the trustee to advertise the land for sale.   They did so, fixing 25th March, 1899, as the day of sale, and the terms at cash sufficient to pay the note then due, interest and costs, and the residue on credit to meet the three notes not due.   On the day of sale, plaintiff went to the defendant and asked him for further time, and together they both went to see the trustees, when it was agreed to save further costs that the terms of sale should be changed to cash in hand, and that defendant should bid in the property for a sufficient amount to cover the indebtedness and expenses of sale, and plaintiff was to have thirty days in which to redeem.   Before the end of the thirty days, plaintiff went to defendant and asked for an extension of time because of his inability to raise the redemption money.   This was granted him.   Plaintiff claims

that the second extension agreed upon was to be until September, when he would receive payment of certain notes he held against other parties, and he would be in condition to redeem the land. Morris claims the extension was to be for only thirty days, and that after the end of the thirty days, plaintiff having failed to pay, he took a deed from the trustees for the land, and sold it to one Harvey for $800.00. This sale was never consummated, because of this litigation. The land was assessed at three dollars per acre, or about four hundred and eighty-nine dollars. The evidence appears to indicate that the land was worth at least on a fair valuation seven hundred and fifty dollars, or three times the amount of the sale price. Some of the witnesses put it as high as one thousand five hundred dollars. There is no doubt but what the sale price was inadequate, and that it was fixed by agreement between the parties under the arrangement that plaintiff was to have the right of redemption. The mere form of a sale was gone through with, simply because the trustees insisted that it should be done. On the question of the extension of time until September, the preponderance of the evidence appears to be plainly against the defendant. It is true the three witnesses who testify as to it are all Thackers, yet they seem to be sustained by the facts and circumstances of the case, for it is hardly reasonable that the plaintiff would allow the sale of his land to stand at such an inadequate price without an effort to redeem it. In the case of *Currence* v. *Ward, et al.,* 43 W. Va. 368, this Court held that, "Where one before a judicial sale agrees to buy in the land in his name for the benefit of the debtor, the debtor to pay the purchase money, and keep the land, this is an express trust enforceable in equity." The same rule would apply to a trustee's sale, especially if the creditor is permitted thereby to buy in the land at a wholly inadequate price. *Nease* v. *Capehart, Ex'or.,* 8 W. Va. 95. Shortly after the defendant obtained a deed for the land, plaintiff offered to redeem, was denied the right and immediately brought this suit to enforce this right of redemption. Defendant does not deny this right, but insists that it has been forfeited by failure to redeem in time. Defendant says that it was agreed that the land was to be sold for cash, he was to buy it in for sufficient to cover his debt and expenses of sale, and if plaintiff paid the money in thirty days, "It was to be no sale." In

other words the sale was to be void. Plaintiff's circumstances were taken advantage of to compel him to permit the form of a sale to be gone through with, at an inadequate price, that the legal title might be transferred from the trustees to the defendant, and plaintiff's right of redemption reduced from an indefinite time to a period of thirty days, subject to forfeiture. In the case of *Davis, Committee,* v. *Deming,* JUDGE GREEN says on page 280: "A mortgage of lands is a conveyance of lands by a debtor to a creditor, as the security for the performance of a covenant, the payment of a debt, or the repayment of a sum of money borrowed with a proviso, that such conveyance shall be void, on the performance of the covenant by the time appointed, or the payment of the debt or money borrowed and interest, on a certain day. If this be not done the conveyance becomes absolute at law, yet the mortgagor has an equity of redemption that is a right in equity on the performance of the agreement in a reasonable time to call for a reconveyance of the land." Also, "A conditional sale with a right to repurchase very nearly resembles a mortgage. The distinction is that if the money advanced is not loaned, but the grantor has a right to refund it in a given time, and have a reconveyance, if the debt remains, the transaction is a mortgage, otherwise not. "In cases of doubt, however, a court of equity will always lean in favor of a mortgage rather than a conditional sale." In the present case the debt remained, and the sale was to be void if the debt and expense of sale were paid in thirty days. According to the foregoing definition, this was clearly a mortgage, and the formal sale was merely in equity the change of one form of mortgage into that of another. Although the time for redemption may have expired equity will prevent forfeiture, and allow redemption in a reasonable time. This case is not governed by the cases of *Kerr* v. *Hill,* 27 W. Va. 576, nor *Matheny* v. *Sandford,* 26 W. Va. 386, for the reason that in neither of those cases was there provision that the sale was to become of no effect or void, on the payment of the debt, interest and expenses of sale within a limited time thereafter. In both cases the sale was absolute, with no provision for redemption, but afterwards there was a contract for a conditional purchase entered into between the parties. It may be that the trustees and the defendant intended to convert the deed of trust into a conditional sale,

and thus destroy the equity of redemption, but they did not go far enough to accomplish this purpose. They did not provide for the repurchase of the property by the plaintiff nor get his agreement to an absolute sale. On the contrary, they led him to believe that the object of the sale, was to secure payment of the debt and not title to the property. Thus having secured title to the property at much less than its real value, defendant refuses to allow plaintiff to redeem in a reasonable time, though he proffered to do so. Against such undue advantage equity always relieves. 11 Am. & En. En. Law (2 Ed.) 206.

For this reason the decree complained of is reversed and this cause is remanded to the circuit court with direction to enter a decree permitting the plaintiff to redeem on repayment of defendant's debt, interest and expenses of sale, or subjecting the land to sale for the payment thereof, and to be otherwise proceeded in according to the rules and principles of equity.

*Reversed.*