# CHARLESTON.

### GIBSON v. HOPKINS.

**Submitted September 18, 1917. Decided September 25, 1917.**

1. MORTGAGES—*Requisites—Debts.*

   A mortgage, in equity, is a hypothecation or pledge of property for the security of a debt. If there is no debt, there can be no mortgage. (p. 758).

2. SAME.

   To be the subject of a mortgage, a debt is a duty or obligation to pay money, for the enforcement of which an action will lie. The debt secured may exist at the date of the mortgage, or thereafter be created, as the parties may agree. (p. 758).

3. SAME—*Payment of Existing Debt—"Conditional Sale."*

   If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land upon payment of a certain sum within a specified time creates, not a mortgage, but a conditional sale; and the grantee holds the premises subject only to the right to pay and demand the reconveyance. (p. 759).

4. SAME—*Indebtedness—"Mortgage" or Conditional Sale.*

   But if the grantor remains bound to pay the debt after the execution of the conveyance, the transaction is not a conditional sale but a mortgage. (p. 759).

5. SAME—*Absolute Deed—Conditional Sale—Intention of Parties—Parol Evidence.*

   Whether an absolute deed is a mortgage or a conditional sale is to be determined from the intention of the parties, expressed in a contemporaneous formal agreement of defeasance, or proved *aliunde* by circumstances surrounding the transaction; and, when established, as it may be, by parol evidence, such intention is controlling. (p. 757).

Appeal from Circuit Court, Mingo County.

Bill by H. D. Gibson against M. H. Hopkins. Decree for defendant dismissing the bill, and plaintiff appeals.

*Decree reversed, and cause remanded.*

*Thomas West,* for appellant.

*Wade H. Bronson,* for appellee.

LYNCH, PRESIDENT:

The plaintiff by his bill, dismissed on final hearing, sought a decree to interpret and declare as a mortgage a deed in form absolute and unconditional, made by him to defendant June 8, 1909, for two contiguous tracts of land containing 58 acres, and to permit plaintiff to redeem upon repayment of the debt secured. The question at issue between the parties is whether the instrument was intended by them to operate as a mortgage, notwithstanding its form and apparent effect, according to plaintiff's contention, or as a sale upon condition of repayment by plaintiff of the consideration expressed therein and re-conveyance of the land to him within three years from its date, and otherwise not redeemable, according to defendant's contention.

Whether a deed apparently absolute and unconditional is in fact a mortgage, because a security for repayment of money loaned or advanced, is to be determined by the intention of the parties, either as disclosed by the instrument itself, or by a contemporaneous agreement of defeasance duly executed, or proved *aliunde* by the circumstances surrounding the transaction; and, when established, as it may be, by parol evidence if not in writing, such intention, however shown, is controlling in all cases. *Davis* v. *Demming,* 12 W. Va. 246; *Vangilder* v. *Hoffman,* 22 W. Va. 1; *Sadler* v. *Taylor,* 49 W. Va. 104; *Shields* v. *Simonton,* 65 W. Va. 179.

By a decree rendered in a creditors' suit brought to enforce the liens of judgments recovered against plaintiff, his lands were about to be sold, when, as the result of negotiations between him and defendant, who initiated them for that purpose, the liens were discharged by Hopkins and the lands conveyed to him by Gibson. These mutual undertakings, promptly performed, appear on the face of the deed as the consideration of the grant. The parties to it, as witnesses, each testifying in his own behalf, agree that such was the real and only consideration for the conveyance. Defendant also ad-

mits that if within three years plaintiff refunded or repaid the money so advanced he was to reconvey the land to the grantor. With this stipulation on his part plaintiff did not comply within that period, but thereafter did tender the money necessary to redeem the land. But defendant refused to accept it, solely on the theory that, as in his view time was of the essence of the contract, plaintiff's breach of the condition excused performance on his part; in other words, defendant contends that, as the conveyance was conditional, noncompliance by the former operated as a legal discharge of the latter.

Upon plaintiff, it is true, devolved the burden of proving that the conveyance, though absolute in form, was intended by the parties to be a security for the repayment of money, and that the repayment discharged the lien and entitled him to a re-conveyance of the real estate thereby encumbered. *Fridley* v. *Somerville,* 60 W. Va. 272. But from that burden defendant has relieved him; for defendant admits that if the money advanced by him had been repaid within the three years he would have reconveyed the property. This admission, coupled with his recognition of the continued existence of an obligation on the part of the plaintiff to repay the money within that time, clearly tends to demonstrate and explain the real motive and intention of the parties, in the execution of the deed. Such admission and recognition show clearly and unequivocally, as we think, that the instrument was not intended to effect a conditional grant of the land, and was not made and accepted as such, but as a mere security for the repayment of the money advanced to relieve the land from the liens encumbering it.

The line of demarcation between a mortgage and a conditional sale is not well defined. The distinction, pointed out in *Davis* v. *Demming, supra,* is that if the money advanced is not loaned but furnished with an agreement that if it be paid within a given time the vendee will reconvey the land, and the whole transaction shows clearly that no debt really remained after the execution of the deed, the transaction is a conditional sale, otherwise not. In case of doubt, however, a court of equity will always lean in favor of a mortgage rather than

a conditional sale. *Sadler* v. *Taylor, supra; Thacker* v. *Morris,* 52 W. Va. 220. In the Sadler case it is said: "There is one circumstance which, if found to exist in transactions of this kind, determines . the question absolutely; namely, if after the deed is executed no debt remains due from the grantor to the grantee the instrument is not a mortgage." The continued existence of an indebtedness between grantor and grantee is by our cases made the decisive test of the character of the grant. There can not be a mortgage unless there is a debt of some kind to be secured. It. may be a pre-existing debt not extinguished by the conveyance but thereafter continuing as a subsisting obligation. If so, the transaction will be regarded as a mortgage. 1 Jones on Mortgages, §265. Hence, as the author says, the existence of a debt after a conveyance is "the supreme test" in determining the true character of the grant.

That in this case there remained a debt or liability unsatisfied after the execution of the deed is not susceptible of doubt. The defendant subsequently recognized a subsisting obligation. upon plaintiff to reimburse him for the money expended, and on different occasions attempted, as he admits, to secure repayment by endeavoring to negotiate a loan upon an offer to pay plaintiff interest, and to persuade him to sell a mule, the money so loaned and its interest and the con-. sideration for the animal to be adjusted and applied as credits on final consummation or settlement of the entire transaction. If no debt remained unpaid after the deed was executed and delivered, why this solicitude and these attempts, not in anywise denied but admitted, to obtain possession of plaintiff's money and property under the guise of a loan and purchase? That both were abortive matters not. They unerringly serve as an index and point the way to ascertain and determine what the parties had in mind, their real motives and object, in the execution of that instrument; that object being, as clearly appears, to secure as by a mortgage the very debt on which these credits were sought, the debt that still remains unpaid, though the amount was tendered defendant before the institution of this suit, and which plaintiff expresses his willingness and readiness to pay upon a re-

conveyance of the property, and must pay into court to the credit of this cause before he can fully obtain the relief sought. That the recognition of the existence of the continued liability of the plaintiff upon the original contract occurred within the three year period spoken of by defendant is material only upon the question of the intention of the parties on the date of the deed; that is, whether they intended what it purports on its face to be, an absolute or conditional conveyance, or a security in the nature of a mortgage. If the latter, then, as the authorities cited say, the test is, was there a debt to be secured? That question defendant has answered by his acts in recognition of the liability, and by seeking loans and property in partial discharge of the obligation.

Though of themselves sufficient to determine the real character and purpose of the conveyance, notwithstanding its form and apparent effect, these facts are supplemented by others of like import. Defendant at the very inception of the negotiations, and afterwards, within the three years, disavowed any desire or intention to purchase the land, conditionally or otherwise, and to the grantor and their mutual friends confided the assurance that the sole object of the grant was to secure himself against loss by reason of any subsequent disability of the plaintiff, from whatever source it might arise, to meet his obligations. Furthermore, he sought to induce Levi Gibson, a brother of the plaintiff, to contribute a part of the fund necessary to liquidate the encumbrances and discharge the liens on the land, upon the faith of the security evidenced by the deed subsequently executed. None of this testimony did defendant deny, or question its correctness. Besides, there appear in the case most of the criteria or characteristics generally deemed significant in such transactions upon the question of intention as to the purposes thereby to be effected, namely, whether the conveyance is absolute or conditional, or a mortgage. But they have been reiterated and applied so frequently that to repeat them or cite the cases in determining the merits of this litigation is unnecessary.

We therefore reverse the decree denying the prayer of the bill, and remand the cause for further proceedings in conformity with legal principles. properly applicable to the facts proved.

<em>Decree reversed, and cause remanded.</em>