GEORGE HOLMES, *Admr., etc., et al.*

v.

G. K. BASHAM, *et al.*

(No. 9930)

Submitted September 17, 1947. Decided November 11, 1947.

744

*Charles T. Ross,* for appellants.

*J. Q. Hutchinson,* for appellees.

LOVINS, JUDGE:

This appeal was granted to George Holmes, administrator of the estate of Landon E. Price and Mary F. Evans, from an adverse decree of the Circuit Court of Raleigh County. The appeal raises the single question whether certain transactions between the original plaintiffs, Landon E. Price and Mary E. Price, and the defendant, G. K. Basham, constitute a mortgage or a contract of conditional sale.

During the pendency of the suit, Landon E. Price was adjudged insane, and the suit was revived in the name of George Holmes as his committee. Shortly thereafter Landon E. Price died intestate, leaving as his heirs at law his sister, Mary F. Evans, and his brother, Ulysses Price. Upon the death of Landon E. Price the suit was revived in the name of George Holmes as administrator, and the brother and sister of Landon E. Price were made defendants. However, the interests of the brother and sister are not adverse to the contentions of the original plaintiffs, and we shall treat and refer to them as "plaintiffs" in this opinion. G. K. Basham will be referred to as "defendant."

The circumstances out of which the transactions arose are as follows:

In 1932 Landon E. Price and Mary E. Price, his wife, acquired jointly, for a consideration of four hundred dollars, four vacant lots in the City of Beckley. At an additional expense of $674.00 they had erected thereon two small dwellings. Thereafter they became involved financially, as a result of which defendant agreed to, and did, pay in the Prices' behalf $218.70 to the original grantor, or to a finance company owning the debt, and $311.42 to a lumber company which had supplied materials for the dwellings. Having paid Landon E. Price an additional sum of $69.88, defendant was given a note, dated June 29, 1935, due in one year, without interest until due, executed by Landon E. Price and Mary E. Price, in the amount of $660.00. On the same date the Prices executed a deed of trust securing to defendant the payment of the note, as well as certain other sums which defendant might be required to expend for premiums on insurance covering the dwellings and taxes levied against the land and improvements.

Being unable to make any payment on the indebtedness, by deed, absolute on its face, dated December 24, 1936, the Prices conveyed the land to defendant. The deed set forth a nominal consideration "and other valuable considerations not herein mentioned." Contemporaneous with the execution and delivery of the deed, the Prices and Basham executed a contract reciting the foregoing facts. The contract also showed that Basham had expended other sums, totalling $49.33, for taxes and insurance since the making of the note and deed of trust; that the deed of December 24, 1936, discharged the debts hereinabove mentioned; that the Prices desired to acquire title, control and possession of the properties; and that Basham was in accord with their desire. The contract provided that Basham would sell and reconvey the properties to the Prices under terms and conditions as follows:

> "That the said parties of the first part [the Prices] or either of them will pay to the said

party of the second part [Basham] the sum of $728.58 with interest thereon at the rate of 6 per cent per year from date hereof, and in addition thereto, the amount of taxes and insurance paid by said second party, and expenses incurred for necessary repairs and upkeep and paid by said second party on said property, within two years from date of this agreement, and upon payment of the same by said first parties or either of them, the said second party will promptly make or cause to be made an apt and proper deed conveying said property to said first parties or either of them.

"That upon the failure of the said parties of the first part, or either of them, to pay to said party of the second part the said sum of *$768.18* with interest as aforesaid and other costs and expenses above specified, within the said period of two years from date hereof, then this agreement shall thereupon become null and void immediately, at the option of the said party of the second part, without notice or formal declaration on his part to that effect."

It is admitted that the sum to be paid by plaintiffs to defendant, as specified in the contract, represented the $660.00 note, with interest thereon from its due date, and the additional expenditures made by defendant as set forth in the contract.

Pursuant to the deed and contract, defendant took possession of the land and has been in possession since the contract was executed, collecting all the rentals thereon, improving and making all the necessary expenditures with reference thereto.

There is some uncontradicted testimony to the effect that some time during the year 1937, at the request of Landon E. Price, defendant agreed to an extension of one or two years beyond the expiration date set forth in the contract during which the Prices could fulfill the terms and conditions therein set forth. However, no written agreement to that effect is exhibited, and the testimony with reference thereto is not definite.

Until immediately prior to the institution of this suit in the summer of 1943, the Prices could not pay the note and other indebtedness and made no effort to do so, although it is admitted that just before this suit was instituted they offered to pay, from funds which would be made available to them by undisclosed parties, any balance which might be determined to be due by an accounting between the parties. This offer was renewed in plaintiffs' bills of complaint filed herein.

At August rules, 1943, Landon E. Price and Mary E. Price filed their original bill of complaint, alleging facts which would tend to support equitable relief on three grounds: (1) That Landon E. Price was mentally incapable of executing the instruments dated December 24, 1936; (2) that there was no consideration for the note dated June 29, 1935, and the deed of trust of the same date securing the same; and (3) that the transactions of December 24, 1936, were such as to raise a relationship of trust between plaintiffs and defendants. Plaintiffs did not pray for specific relief respecting the first and second grounds, but did pray that the deed of December 24, 1936, be declared a trust securing the payment of the debt due defendant; that defendant be required to make a full statement of moneys received and expended with respect to the land; that a settlement be made between the parties; that, upon the payment of any balance found due to either of the parties, the defendant be required to reconvey the properties to plaintiffs; and for general relief.

Defendant demurred to the original bill of complaint, substantially upon the grounds that the bill was without equity, and that plaintiffs had shown no purpose to "do or perform * * * equity." The trial chancellor sustained the demurrer, with leave to amend.

Defendant filed an answer to the original bill of complaint, which effectively denied the allegations relative to the mental incapacity of Landon E. Price, as well as those relating to lack of consideration for the note. The answer did not specifically deny the allegations concerning

the transactions of December 24, 1936, but admitted them in the following words: " * * * and this defendant avers that at said time said amount of money represented by said note and so secured, was due from plaintiffs to this defendant, and this defendant avers that on December 24, 1936, plaintiffs executed a deed to this defendant as alleged in said bill of complaint, and at said time the plaintiffs owed unto this defendant money sufficient to represent the full value of said property so conveyed.

"Defendant admits that he told plaintiffs that when plaintiffs paid him, this defendant, the amount of money due him from them, if they would do so within two years from December 24, 1936, he would reconvey to them the said lands * * *."

The answer further avers that more than two years had elapsed since December 24, 1936, during which interval Landon E. Price was sane, and that neither of the plaintiffs repaid any part of the money owing to him.

Seasonably, plaintiffs filed their amended bill of complaint, which, in much greater detail and with more appropriate language, alleges facts supporting the conclusion therein stated: "That said deed of trust of June 29, 1935, the said deed of December 24, 1936, and the written contract of even date therewith, all together constitute a common law mortgage * * *." The amended bill of complaint also contained allegations supporting equitable relief on the grounds of mental incapacity of Landon E. Price and lack of consideration for the note dated June 29, 1935.

The amended bill of complaint prayed, in addition to general relief, for discovery of all sums paid by defendant for plaintiffs and of the amount of rentals received by defendant; that the deed dated December 24, 1936, be declared a common law mortgage; that the cause be referred to a commissioner in chancery for an accounting; and that upon the payment of any amount due to either party, the land be reconveyed to plaintiffs.

A demurrer to the amended bill of compliant was over-ruled, and defendant answered by adopting the answer to the original bill as the answer to the amended bill. The cause was referred to a commissioner in chancery to report on various matters set forth in the decree of reference.

The final report of the commissioner, to which plaintiffs took specific exceptions, as well as the greater portion of the evidence heard by him, related to the controversy between the parties respecting the mental capacity of Landon E. Price, and the question whether there was sufficient consideration for the execution of the note. On this appeal we are not concerned with either of these questions. Suffice it to say that the commissioner's findings with reference to the mental capacity of Landon E. Price and the existence of a consideration for the note are supported by the evidence.

It should be pointed out that the accounts paid by defendant in plaintiffs' behalf, together with the sum paid to Landon E. Price, total only $600.00. The note was for $660.00 and did not bear interest until due. If the extra $60.00 represented interest for one year on $600.00, it is excessive. Code, 47-6-5. But usury is not expressly pleaded by plaintiffs, and, therefore, we do not further consider the question. *Building & Loan Ass'n.* v. *Westfall,* 55 W. Va. 305, 47 S. E. 74.

The commissioner found that from the time defendant took possession of the properties until May 1, 1945, the total rentals collected therefrom by defendant amounted to $1,847.00, while his total expenditures, with respect to the properties, amounted to $633.37, leaving a balance of $1,213.63, exclusive of any interest on either the expenditures or receipts. Such figures do not include allowances to defendant as compensation for his time, efforts and trouble in caring for the properties, although the commissioner was of the opinion defendant was entitled thereto on an undetermined *quantum meruit* basis.

Other matters pertinent to this appeal, either contained in the commissioner's report or apparent from the evidence before the commissioner, are: the deed of trust dated June 29, 1935, has not been released; the note dated June 29, 1935, remains in the possession of defendant; the market value of the properties in 1935 and 1936 was variously estimated from $900.00 to $3,900.00, or $4,000.00, and, in 1944 from $2,500.00 to $4,100.00; the total insurance carried on the houses amounts to $1,600.00; and there is no evidence of fraud or concealment on the part of defendant, other than his refusal to make an accounting of the receipts and expenditures with respect to the real estate.

It has been heretofore stated, only a single question is presented by this appeal, namely, whether the foregoing constitute a common-law mortgage or a contract of conditional sale. If it is found that the transactions constitute a conditional sale of the land, the time for performance by the Prices has long since expired. On the other hand, if the foregoing transactions constitute a common-law mortgage, no suit has been instituted to foreclose the lien created thereby. The Circuit Court of Raleigh County overruled plaintiffs' exceptions to the commissioner's report, and decreed that the transactions constituted a contract of conditional sale, dismissed plaintiffs' bills of complaint, and decreed costs for defendant.

As is generally the case in construing written instruments and ascertaining their legal effect courts are ultimately controlled by the lawful intentions of the parties. If, by the intention of the parties, the transaction was originally a security for a loan of money, or forebearance of a debt, it will be held in equity to be a mortgage and the maxim, "Once a mortgage, always a mortgage," applies; but if, originally, the transaction was intended to be a sale of property with a right to repurchase at the option of the grantors, it is a conditional sale; and the instruments or transactions will remain as originally intended unless changed by a new instrument, upon an adequate consideration, and so fair as to relieve it of any suspicion of unconscientious advantage. *Klinck* v. *Price*, 4 W. Va.

4; *Davis, Committee* v. *Demming, et al.*, 12 W. Va. 246; *Hoffman* v. *Ryan*, 21 W. Va. 415; *Vangilder* v. *Hoffman, et al.*, 22 W. Va. 1; *Shank* v. *Groff*, 43 W. Va. 337, 27 S. E. 340; *Sadler* v. *Taylor*, 49 W. Va. 104, 38 S. E. 583; *Thacker* v. *Morris*, 52 W. Va. 220, 43 S. E. 141; *Hursey* v. *Hursey*, 56 W. Va. 148, 49 S. E. 367; *Fridley* v. *Somerville*, 60 W. Va. 272, 54 S. E. 502; *Hudkins* v. *Crim*, 72 W. Va. 418, 78 S. E. 1043; *Gibson* v. *Hopkins*, 80 W. Va. 756, 93 S. E. 826; *Napper* v. *Rice*, 127 W. Va. 157, 32 S. E. 2d 41; and *Ross* v. *Midelburg*, 129 W. Va. 851, 42 S. E. 2d 185.

In addition to the above-cited authorities, we have carefully examined most, if not all, of the cases decided by this Court involving the question presented here. We find therein a singular unanimity of principle, application, reasoning and language.

All of the authorities state that the controlling and decisive question is whether the parties intended that a debt should be created thereby, or that an existing debt should continue after the transactions are ended. The intention, in this respect, relates to the time of the transaction, without regard to any subsequent increase or decrease in the value of the property conveyed. *Hursey* v. *Hursey, supra.* But such intention may be ascertained not only from the instrument of conveyance, but also from other instruments executed collaterally therewith, as well as from the whole situation, circumstances and conduct of the parties respecting such transaction prior to, at the time of and after the execution of the instruments.

If such intention is to be proved by parol evidence as to the whole situation, circumstances and conduct of the parties prior to, at the time of and after the execution of the instrument of conveyance, the burden thereof is on the party seeking to establish the mortgage, and proof thereof must be clear, positive and convincing. *Vangilder* v. *Hoffman, et al., supra; Napper* v. *Rice, supra.* Similarly, where the connection between a collateral instrument, evidencing an intention that a debt exists, and an instrument of conveyance, absolute on its face, must be proved by parol

evidence, the burden is on the person who would establish that both, read together, constitute a mortgage. *Ross v. Midelburg, supra.*

Where the intention of the parties is to be so proved, this Court has recognized certain circumstances as *indicia* of a mortgage, or, in other words, as having great weight in leading to the conclusion that a deed, absolute on its face, is a mortgage. These *indicia* are collated in Hogg's Equity Principles, 715.

In the instant case we are not concerned with the existence or nonexistence of the above-mentioned *indicia,* for, as stated above, they relate to cases wherein the nature of the transactions is ascertained by parol proof regarding the whole situation, circumstances and conduct of the parties respecting such transactions prior to, at the time of and after the execution of the instrument of conveyance. The parties in the case at bar incorporated their transactions in the written contract executed contemporaneously with the deed of conveyance. The intention of the parties is revealed in that contract, together with the parties' pleadings herein and their testimony relating thereto, and sufficiently forms a basis for this decision. Therefore, it would unduly lengthen this opinion to attempt to apply these *indicia* to the case at bar.

But where, once proved, there is "* * * doubt as to the nature of the transaction, a court of equity will always lean in favor of regarding it as a mortgage rather than as a conditioned sale." *Ross v. Midelburg,* 129 W. Va. 851, 42 S. E. 2d 185, 194.

That the relationship of debtor-creditor between plaintiffs and defendant was created by the transactions of June 29, 1935, cannot be disputed. That the same relationship existed on December 24, 1936, is not disputed. Notwithstanding the recital in the contract to the effect that the deed was in full discharge of the indebtedness theretofore existing, we are of the opinion that the contract itself declares an intention that a debtor-creditor re-

lationship should continue. Forbearance of the indebtedness was the sole consideration for the deed. The amount to be paid by plaintiffs, as consideration for a reconveyance by defendant to them, was the exact amount of the existing indebtedness, plus such further amounts as defendant might thereafter spend in protecting the security for the initial loan. The amount to be paid by plaintiffs in fulfillment of the contract bore interest until paid. Even at the time his deposition was taken defendant repeatedly refers to the fact that plaintiffs had made no effort to pay what they owed him. Although Landon E. Price could not remember any of the transactions, Mary E. Price understood that by the transactions of December 24, 1936, they had two years in which to pay defendant what they owed him. The deed of trust was never released, and defendant still has possession of the $660.00 note secured thereby. It is clear that the parties, at that time, intended that the indebtedness should continue after the execution of the instruments dated December 24, 1936, and, in fact, should increase by such amounts as defendant might expend with reference thereto, as well as by accumulation of interest.

Furthermore, in his answer, defendant admits that "he told plaintiffs that when plaintiffs paid him, this defendant, the amount of money due him from them * * * he would reconvey to them the said lands * * *." He further avers that more than two years had elapsed since December 24, 1936, * * * * without Landon E. Price or Mary E. Price either repaying to this defendant any of the amounts of money owing to him, and without their doing in any way anything by way of making repayment to him, * * *." Thus, the answer admits the controlling fact, i. e., the continued existence of a debt. Defendant is bound thereby. On the state of the pleadings herein, the trial chancellor would have been required to sustain a motion for a decree holding the transactions of December 24, 1936, to be a common-law mortgage, had plaintiffs made such a motion. Accordingly, we reverse the finding of the trial chancellor and hold that the deed and contract,

dated December 24, 1936, are, in fact, a common-law mortgage.

Being a common-law mortgage, the only means whereby defendant can foreclose the lien thus created is by a suit in equity. No such suit has been instituted. Consequently, plaintiffs are entitled to maintain this suit to redeem the property.

The plaintiffs also argue in their brief the actions of the trial court in decreeing the costs below against them, but they fail to assign such as error in their petition for an appeal to this Court. Therefore, we do not consider plaintiffs' argument with respect thereto. But it is pointed out that the award of costs is within the sound discretion of a court in equity. Code, 59-2-11. Furthermore, "Upon a bill by a mortgagor to redeem, the costs of the suit are to be decreed against him, unless he establishes a prior tender of the amount due on the mortgage." *Liskey* · v. *Snyder,* 56 W. Va. 610, 49 S. E. 515.

It is noted that the accounting made between the parties is not complete. It attempts only an accounting up to and including May 1, 1945. It fails to consider interest on any of the rentals received by defendant, as well as interest on the original indebtedness and other proper expenditures made by him. We are of the opinion that an accounting should include proper consideration of such interest. But we do not believe that defendant is entitled to any allowance on a *quantum meruit* basis, as compensation for the time, effort and trouble which he has expended in caring for the houses and preserving them as security for the payment of his debt.

The decree of the Circuit Court of Raleigh County is reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*