**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**The Silver Creek Association, Inc.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0367** (Pocahontas County 19-AA-01)

**Matthew R. Irby,**
**State Tax Commissioner of**
**West Virginia,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner The Silver Creek Association, Inc. ("the homeowners' association"), by counsel Floyd McKinley Sayre III, appeals the order of the Circuit Court of Pocahontas County, entered on April 7, 2021, granting the state tax commissioner's motion to dismiss petitioner's appeal of a final decision of the West Virginia Office of Tax Appeals ("OTA"). Respondent Matthew R. Irby, the state tax commissioner, appears by counsel Patrick Morrisey, Katherine A. Schultz, and Lauren D. Mahaney.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, the state tax commissioner issued the homeowners' association a corporation net income tax assessment after adjusting the homeowners' association's claimed net operating loss carryover downward for tax years 2003 through 2013. The homeowners' association filed a petition for reassessment with OTA, and an OTA administrative law judge conducted a hearing. The homeowners' association represented in its post-hearing brief that "[t]he federal taxable income for [the homeowners' association] is determined under [Internal Revenue Code §] 528. . . ." Consequently, the administrative law judge found that "[t]he parties agree that the federal taxable income for the homeowners' association is determined under Internal Revenue Code Section 528. . ." and concluded that 26 U.S.C. § 528(d)(2)(B) expressly prohibits any homeowners' association reporting under that section from claiming a net operating loss in its federal filing. Because West Virginia corporation net income tax is based on the federal calculation, the

administrative law judge found that the state tax commissioner erred in allowing any deduction for a net operating loss. Nevertheless, the state tax commissioner agreed to let the assessment stand as calculated using the downward-adjusted net operating loss deduction.

The homeowners' association appealed the OTA decision to the circuit court. In its brief in support of the petition for appeal, the homeowners' association argued that the OTA administrative law judge erred in applying 26 U.S.C. § 528 because the association never elected § 528 treatment. The association argued that it filed its federal tax return using the income tax return form for corporation net income rather than the alternative form for homeowners' association income.

The circuit court entered an order dismissing the homeowners' association's appeal on April 7, 2021. It explained that the homeowners' association failed to comply with Rule 2 of the West Virginia Rules of Procedure for Administrative Appeals (which requires proof of service by the filing of a certificate of service with the circuit clerk) despite repeated warnings by the circuit court about potential ramifications should the homeowners' association fail to comply. The circuit court explained that though the homeowners' association attached a copy of a certified mail return receipt dated October 23, 2020, it failed to file a certificate of service with the circuit clerk. The circuit court further explained that the homeowners' association raised a new issue on appeal when it argued that it had not elected § 528 treatment.

On appeal, the homeowners' association raises a single assignment of error in which it generally argues that the circuit court violated multiple standards by "failing to properly allocate the net operating loss deduction." We review this assignment of error as follows:

> "In an administrative appeal from the decision of the West Virginia Office of Tax Appeals, this Court will review the final order of the circuit court pursuant to the standards of review in the State Administrative Procedures Act set forth in W. Va. Code § 29A-5-4(g) [1988]. Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law *de novo*." Syllabus Point 1, *Griffith v. ConAgra Brands, Inc.*, 229 W. Va. 190, 728 S.E.2d 74 (2012).

Syl. Pt. 1, *Antero Res. Corp. v. Steager*, 244 W. Va. 81, 851 S.E.2d 527 (2020).

The circuit court granted the state tax commissioner's motion to dismiss on alternative grounds, beginning with the determination that the association failed to comply with procedural rules. This, the first ground for dismissal, is unaddressed in the brief that the homeowners' association filed in support of its petition for appeal. The homeowners' association's broad and vague assignment of error does not so much as hint that the circuit court erred in its application of the procedural rules. The very basis for the circuit court's dismissal is, thus, unchallenged. Rule 3(c) of the West Virginia Rules of Appellate Procedure provides that a petition for appeal must set forth the assignments of error relied upon on appeal. It is settled that this Court ordinarily will not address an assignment of error that was not raised in a petition for appeal. *See Koerner v. West Virginia Dep't of Mil. Affs. & Pub. Safety*, 217 W. Va. 231, 617 S.E.2d 778 (2005); *Holmes v.*

*Basham*, 130 W. Va. 743, 45 S.E.2d 252 (1947). In *Koerner* and *Holmes*, appellants alluded to potential errors when making arguments on certain matters, but they did not make the necessary and clear assignments of error. Comparatively, the homeowners' association in this case neither made the necessary assignment of error nor acknowledged the critical circuit court ruling. There is no suggestion that the circuit court erred in its application of the procedural rules. Consequently, we find no error in the circuit court's dismissal of the homeowners' association's appeal from the OTA.[1]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

[1] Furthermore, we note that the homeowners' association did not address the circuit court's alternative ground for dismissal. The circuit court found that counsel represented to the OTA administrative law judge that 26 U.S.C. § 528 governed the taxation of the homeowners' association. This finding is supported by the state tax commissioner's pinpoint citation to the appendix record on appeal. The homeowners' association, in its brief before this Court, neither acknowledges that its counsel made this statement to the OTA administrative law judge, nor attempts to explain the statement in any meaningful way. Rather, the homeowners' association argues, in conclusory fashion, that "[i]t is clear that the issue was raised . . . in the hearing before the OTA" and generally refers to broad swaths of the appendix record on appeal. Blanket assertions and inexact citations are ill-advised in light of our frequently repeated caution that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. *See* Administrative Order of the West Virginia Supreme Court of Appeals, entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure. See also* W. Va. R. App. P. 10(c)(7).

3