Darrell T. PETERSON, Respondent,

v.

Arthur B. JOHNSON, et al., defendants and third party plaintiffs, Appellants,

All heirs and devisees of any of the above named persons who are deceased, et al., Defendants,

v.

Lake State Federal Credit Union, f/k/a Moose Lake Federal Credit Union, et al., Third Party Defendants.

No. A05–1450.

Court of Appeals of Minnesota.

Aug. 8, 2006.

William T. Helwig, John M. Gassert, Rudy Gassert, Yetka & Pritchett, Cloquet, MN, for respondent.

Gary A. Van Cleve, Molly McKee, Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; PETERSON, Judge; and MINGE, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellants Arthur B. Johnson and Mary Ann Johnson argue that the district court erred in failing to rule that respondent Darrell T. Peterson's claim that the transaction between the parties constitutes an equitable mortgage is time barred and in granting summary judgment on the claims. Peterson argues that the district court erred by failing to recalculate the balance and interest due on the mortgage. The Johnsons moved to strike portions of Peterson's brief and appendix; Peterson moved to supplement the record with the materials in question.

Because Minn.Stat. § 541.03 (2004) governs a claim to have a conveyance absolute on its face declared an equitable mortgage and because the district court did not err by finding an equitable mortgage, we affirm on those claims. Because the district court did not calculate the balance due and

the applicable interest on the mortgage, we remand for that calculation. Peterson's motion to supplement is granted; the Johnsons' motion to strike is denied.

## FACTS

In 1986, Peterson and his then-wife Kathleen Peterson owed debts on their farm homestead property. In August 1986, Peterson's uncle and aunt, the Johnsons, wrote Peterson a letter proposing to give Peterson $9,200 to pay the debts. The letter states that the Johnsons would require title to 320 acres of Peterson's land "as surety" for the money. The Johnsons also noted that they would agree to sell the land back to Peterson at any time within five years. The Johnsons asked an attorney to draft an agreement and the necessary paperwork to accomplish the transfer.

Peterson and his wife signed a deed transferring the land in September 1986. Later that year, they and the Johnsons executed an agreement to convey to the Johnsons certain property "as security and surety for the payoff of the loan of said $9500 to them." The agreement further states that "when said $9500 is repaid to [the Johnsons] they in turn will reconvey the land to [Peterson and his wife]." Peterson agreed to pay back the $9,500 "within a five (5) year period, in five (5) annual installments, together with interest on the unpaid balance ... at the rate of eleven percent (11%) per annum." The balance was due by November 1, 1991. Finally, the agreement provided that "the deed from [Peterson and his wife] to [the Johnsons] shall not be recorded at this time."

Thereafter, Peterson and his wife took out a mortgage on the entire homestead property, including the land involved in this dispute. When Peterson and his wife divorced, the land was awarded to Peterson as part of the property division. Peterson continuously exercised control over the land, including logging and haying it.

In October 1991, Peterson made the only payment, $3,200, to the Johnsons. In January 1994, Peterson received a letter from the Johnsons' attorney seeking to collect the balance due. In late 1996, the Johnsons recorded the 1986 deed. Peterson claims that he was unaware that the Johnsons had recorded the deed until shortly before filing this suit. The parties exchanged letters regarding the situation in late 2002, when the Johnsons informed Peterson that, if he wanted to repurchase the land, they would offer him "the 'right of first' refusal when it [was] offered for sale."

Peterson filed a complaint seeking a declaration that he is the rightful owner of the property, that the 1986 agreement constitutes an equitable mortgage, and that the Johnsons' interest should be limited to that arising under an equitable mortgage, thus requiring foreclosure for the Johnsons to take legal ownership of the property. Peterson also alleged that the interest rate evinced in the agreement was usurious and that the contract should either be voided or that the interest owed should be recalculated at the statutory maximum rate. Finally, Peterson alleged that the Johnsons had been unjustly enriched by recording the deed.

The district court granted in part and denied in part the parties' cross-motions for summary judgment. The district court ruled that the 15–year statute of limitations set forth in Minn.Stat. § 541.03 (2004) applies to a claim to have a conveyance absolute on its face declared an equitable mortgage, that the parties' agreement constituted an equitable mortgage, that the Johnsons' relief was therefore limited to a foreclosure action, and that any foreclosure action must be initiated by November 1, 2006. The district court also

denied Peterson's motion to void the agreement and the Johnsons' motion to dismiss Peterson's claim for an equitable mortgage as barred by the statute of limitations contained in Minn.Stat. §§ 559.18, .19 (2004), and granted the Johnsons' motion for summary judgment dismissing Peterson's unjust enrichment claim because an adequate remedy existed.

## ISSUES

1. Does the 15–year statute of limitations prescribed in Minn.Stat. § 541.03 (2004) apply to a claim to have a conveyance absolute on its face declared an equitable mortgage?

2. Did the district court err in finding an equitable mortgage?

3. Did the district court err by failing to determine the applicable interest rate on the equitable mortgage?

4. Is Peterson entitled to supplement the record?

## ANALYSIS

### I.

■ This court "review[s] de novo whether the district court erred in applying the law to determine the accrual of the cause of action and the running of the statute of limitations." *Broek v. Park Nicollet Health Servs.*, 660 N.W.2d 439, 441 (Minn.App.2003), *review denied* (Minn. July 15, 2003).

The district court ruled that Minn.Stat. § 541.03 (2004) applies to a claim to have a deed absolute on its face declared an equitable mortgage. The statute provides in relevant part: "No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage." Minn.Stat. § 541.03, subd. 1. It further provides that the "time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage." *Id.*, subd. 2. The district court ruled that, because the agreement clearly states that the balance of the debt became due on November 1, 1991, Peterson has until November 1, 2006, to bring a redemption action.

■ The Johnsons argue that, because they are not the mortgagees but the fee owners of the property, Peterson's action to have the 1986 agreement declared an equitable mortgage is really an action to determine an adverse claim to the property under Minn.Stat. § 559.01 (2004), providing that a person in possession of real property or having title to unoccupied real property "may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action...." Because this is "a liability created by statute," it is governed by the six-year limitation period prescribed in Minn.Stat. § 541.05, subd. 1(2) (2004). The Johnsons contend that Peterson's right of action accrued when they recorded the deed in 1996 and is now time-barred. But Peterson's suit to declare an equitable mortgage does not concern a liability created by statute; an equitable mortgage, by its very name, is an equitable creation. The limitation period prescribed by Minn.Stat. § 541.05, subd. 1(2) does not apply to Peterson's claim.[1]

---

1. Moreover, holding that Peterson could bring a claim against the Johnsons only under Minn.Stat. § 559.01, governed by the six-year limitation in Minn.Stat. § 541.05, subd. 1(2) but that the Johnsons could bring a foreclosure claim against Peterson governed by the

In the alternative, the Johnsons argue that Minn.Stat. §§ 559.18, .19 (2004), apply. Minn.Stat. § 559.18 provides:

No conveyance absolute in form between parties sustaining the relation of mortgagor and mortgagee, whereby the mortgagor or the mortgagor's successor in interest conveys any right, title or interest in real property theretofore mortgaged, shall be presumed to have been given as further security, or as a new form of security, for the payment of any existing mortgage indebtedness, or any other indebtedness, or as security for any purpose.

And Minn.Stat. § 559.19 provides: "No action to declare any such conveyance a mortgage shall be maintained unless commenced within 15 years from the time of execution thereof." The Johnsons argue that Peterson's claim is barred because he failed to assert it within 15 years of its 1986 execution.

But Minn.Stat. § 559.18 applies only to certain conveyances between "parties sustaining the relation of mortgagor and mortgagee." The parties were not in a mortgagor-mortgagee relationship prior to the 1986 transaction; thus there was no mortgagor-mortgagee relationship to sustain. Therefore, Minn.Stat. §§ 559.18 and 559.19 do not apply.

The 15–year limitations period prescribed in Minn.Stat. § 541.03 applies to a claim to have a deed absolute on its face declared an equitable mortgage. Its application is particularly appropriate in light of the reciprocal nature of the rights of redemption and foreclosure. The "limitation upon the right to redeem ... is the statutory limitation on foreclosure by action." *Browning v. Browning*, 246 Minn. 327,

337, 76 N.W.2d 100, 106 (1956) (quotation omitted); *see also Jentzen v. Pruter*, 148 Minn. 8, 14, 180 N.W. 1004, 1006 (1921) (noting "familiar rule that the right to foreclose and the right to redeem are reciprocal and that the right to redeem expires with the expiration of the right of foreclosure").

The district court did not err by concluding that Peterson's claim is not time-barred.

## II.

The district court determined on summary judgment that the parties' 1986 conveyance and agreement constitute an equitable mortgage. On appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The construction and effect of a contract are questions of law, which an appellate court reviews de novo. *Logan v. Norwest Bank*, 603 N.W.2d 659, 662 (Minn.App.1999).

In general, "a deed absolute in form is presumed to be, and will be treated as, a conveyance unless both parties in fact intended a loan transaction with the deed as security only." *Ministers Life & Cas. Union v. Franklin Park Towers Corp.*, 307 Minn. 134, 137–38, 239 N.W.2d 207, 210 (1976). But, "when the real nature of the transaction between the parties is that of a loan, advanced upon the security of realty granted to the party making the loan, it may be treated as an equitable mortgage, without regard to the actual form of the instrument of conveyance." *Fraser v. Fraser*, 702 N.W.2d 283, 287 (Minn.App.

15–year limitation in Minn.Stat. § 541.03 would be inherently inequitable. While Peterson would not be able to pursue the declaration of an equitable mortgage after the six-

year limitation expired, the Johnsons would ostensibly be able to wait the full 15–year statutory foreclosure period to pursue such a declaration.

2005) (quotation omitted), *review denied* (Minn. Oct. 18, 2005).

> [B]efore a court will hold a deed absolute on its face to be an equitable mortgage, it must appear that both parties so intended ... [because] even if one party actually intended to enter into a mortgage agreement, unless the other party had the same intention, the transaction should not be construed to be an equitable mortgage.

*Ministers Life*, 307 Minn. at 140, 239 N.W.2d at 211. "The relevant intention is that of the parties at the time of conveyance." *Fraser*, 702 N.W.2d at 288. To determine intent, courts look to "the written memorials of the transaction and the attendant facts and circumstances." *Westberg v. Wilson*, 185 Minn. 307, 309, 241 N.W. 315, 316 (1932).

■ The Johnsons claim that the evidence shows their intent was not a mortgage but an absolute conveyance with an option to repurchase or, in the alternative, that genuine issues of material fact exist as to the parties' intent. Specifically, they rely on four points: (1) the conveyance preceded the October 1 agreement; (2) the agreement demonstrates such an intent; (3) they later recorded the deed and paid taxes on the property, and (4) Peterson waited 17 years to assert his claim to the property.

But the Johnsons' reliance is unsupported on this record and under Minnesota law. First, the fact that the conveyance preceded the agreement does not present a factual issue as to whether the parties intended the conveyance to be absolute. Second, there is no question that the language of the agreement itself indicates that the parties intended a loan with the conveyance as a security. It provided that Peterson and his then-wife agreed to convey to the Johnsons certain property "as security and surety for the payoff of the loan" and that, when the loan was repaid, the Johnsons would "reconvey the land to [the Petersons]."

The third and fourth points concern the parties' conduct after the 1986 agreement.

> The subsequent conduct of the parties is often persuasive evidence of what they intended to accomplish by the transaction. Among the circumstances held to be evidence that they intended to convey the title instead of creating a mortgage are the following: That the grantor relinquished possession; that he allowed a long period of time to elapse without asserting a claim to the land or exercising any act of ownership over it; that he paid no taxes or incumbrances; that the grantee took possession and exercised dominion over the land as owner; that he paid taxes and incumbrances; and that he sold and conveyed the land as owner.

*Citizens' Bank of Morris v. Meyer*, 149 Minn. 94, 99, 182 N.W. 913, 915 (1921).

Most of these indicia of intent to convey do not appear here. Peterson never relinquished possession; he continuously exercised acts of ownership including logging and haying the property. The Johnsons never took possession or exercised dominion of the land, nor did they purport to sell or convey the land as owners. The Johnsons have not produced sufficient evidence of an intent to convey.

Nor have they created a genuine issue of material fact because the evidence they produced is not substantial. A genuine issue of material fact must be established by substantial evidence. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69–70 (Minn.1997). Although payment of taxes is supportive of the Johnsons' claim, standing alone it is not enough to withstand the summary judgment motion. We conclude that the district court did not err in deciding that

the 1986 conveyance and agreement constitute an equitable mortgage. Absent a genuine issue of material fact and an erroneous application of the law, we affirm summary judgment.

### III.

■ Peterson moved the district court to declare the agreement void as usurious and to divest the Johnsons of all interest in the property or, in the alternative, to recalculate the interest and the balance due, using the statutory maximum rate of eight percent per year. Although the district court denied the motion to void the agreement on the ground that "it would be unjust to void the entire agreement based on interest that was never paid[,]" Peterson's alternative motion for a recalculation of the balance and interest due was not addressed. Peterson now asks this court to perform that recalculation. But the role of this court is to correct errors, not to find facts. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988). We therefore remand to the district court for a recalculation.

### IV.

■ In the appendix to his brief, Peterson provided a copy of a subsequent mortgage allegedly concerning the land at issue. The Johnsons moved to strike this document and its related references in Peterson's brief because the document was not part of the district court file. Peterson replied with a motion to supplement the record, requesting that this court exercise its discretion to consider certain uncontroverted documentary evidence.

■ "The papers filed in the trial court or agency, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." Minn. R. Civ.App. P. 110.01. An appellate court may not base its decision on matters outside the record on appeal and may not consider matters not produced and received in evidence below. *Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn.1988).

■ "However, when the evidence is documentary evidence of a conclusive nature (uncontroverted) which supports the result obtained in the lower court," this court may consider it. *In re Livingood*, 594 N.W.2d 889, 895–96 (Minn.1999) (quotation omitted). The mortgage has been referred to numerous times throughout this litigation. We conclude that Peterson's failure to introduce the mortgage into the district court file was inadvertent, grant his motion to supplement the record, and deny the Johnsons' motion to strike.

### DECISION

We affirm the determinations that Minn. Stat. § 541.03 (2004) applies to a claim to have a conveyance absolute on its face declared an equitable mortgage and that the parties' agreement constituted an equitable mortgage. We remand to the district court for a recalculation of the balance and interest due on the mortgage. Finally, we grant Peterson's motion to supplement the record and deny the Johnsons' motion to strike.

**Affirmed in part and remanded in part; motion to strike denied and motion to supplement granted.**